UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-21677-CIV-GAYLES/TURNOFF

**VENTURES TRUST 2013-I-H-R**,

    Plaintiff,

v.

**SHORES VILLAS CONDOMIMIUM ASSOCIATION, INC.**, *et al.*,

    Defendants.

_____/

**ORDER TO SHOW CAUSE**

    **THIS CAUSE** came before the Court upon a *sua sponte* examination of the record.

    "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006). To that end, "[a] federal court may raise jurisdictional issues on its own initiative at any stage of litigation." *Id.* at 506; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

    The Federal Rules require that a plaintiff's Complaint contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). It is the plaintiff's obligation to "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton*, 30 F.3d

1365, 1367 (11th Cir. 1994). "Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007); *accord Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *see also Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (quoting *Chemical Leaman Tank Lines, Inc. v. Aetna Casualty & Surety Co.*, 177 F.3d 210, 222 n.13 (3d Cir.1999) ("When prosecuting a suit in federal court, '[t]he plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'").

In its Complaint, Plaintiff alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) "because the amount in controversy exceeds $75,000 and complete diversity exists" between Plaintiff and each Defendant. [ECF No. 1 at ¶ 3]. For a natural person, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity." *Taylor*, 30 F.3d at 1367. Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" 28 U.S.C. § 1332(c)(1). And an unincorporated entity, such as a limited partnership or a limited liability company, "is a citizen of any state of which a member of the [association] is a citizen." *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). A business trust "is not to be accorded the status of a corporation for diversity purposes. Instead, . . . it is to be treated as a citizen of each state in which one of its shareholders is a citizen." *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1339 (11th Cir. 2002), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v.*

2

*Dabit*, 547 U.S. 71, 89 (2006), *as stated in Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1348 (11th Cir. 2008); *accord Crook-Petite-El v. Bumble Bee Seafoods L.L.C.*, 502 F. App'x 886, 887 (11th Cir. 2012) (per curiam).

Plaintiff's allegations regarding its own citizenship are insufficient. Plaintiff alleges that it is a "Delaware Corporation doing business in the State of Florida" and that none of its "Shareholders, Beneficiaries, or Board Members live in Florida." [ECF No. 1 at ¶¶ 2, 4]. The Court notes that, contrary to Plaintiff's assertions, it appears that Plaintiff is a statutory trust formed under the laws of the State of Delaware, and not a corporation.[1] A "statutory trust" is an unincorporated association. Del. Code Ann. tit. 12, § 3801(g).[2] Any owner of a beneficial interest in a statutory trust is known as a "beneficial owner." *Id.* § 3801(a). As a statutory business trust, the proper calculus for determining diversity jurisdiction is the citizenship of each of the members or beneficiaries of the trust. *See First Mut. Grp., LP v. Melton*, No. 14-1758, 2015 WL 892369, at *4 (M.D. Fla. Mar. 2, 2015) (dismissing the complaint with leave to amend in order to set forth the necessary jurisdictional allegations, including the identities and citizenships of the business trust's beneficiaries).

Plaintiff has merely alleged that none of its shareholders, beneficiaries, or board members live in Florida. These allegations are insufficient to invoke diversity jurisdiction. *See D.B. Zwirn*

---

[1] The Court may take judicial notice on its own of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; *see also, e.g.*, *Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia St. LLC*, No. 15-CV-02286-JCS, 2015 WL 4932640, at *4 (N.D. Cal. Aug. 18, 2015) (taking judicial notices of information from the websites of the Delaware and California Secretaries of State). A search on the website of the Delaware Department of State: Division of Corporations, https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx, indicates that Ventures Trust 2013-I-H-R is a statutory trust and not a corporation.

[2] The statute further provides that a statutory trust "[i]s created by a governing instrument under which property is or will be held, managed, administered, controlled, invested, reinvested and/or operated, or business or professional activities for profit are carried on or will be carried on, by a trustee or trustees or as otherwise provided in the governing instrument for the benefit of such person or persons as are or may become beneficial owners or as otherwise provided in the governing instrument, including but not limited to a trust of the type known at common law as a 'business trust,' or 'Massachusetts trust,' or a trust qualifying as a real estate investment trust . . . ." Del. Code Ann. tit. 12, § 3801(g)(1).

*Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *see also Cameron v. Hodges*, 127 U.S. 322, 324 (1888) (finding that the assertion that the defendant was a citizen of Arkansas and that none of the complainants were citizens of Arkansas "is not sufficient to give jurisdiction in a . . . court of the United States"); *see also Fuzzell v. DRC Emergency Servs., LLC*, No. 2:14-CV-2202-WMA, 2015 WL 412889, at *2–3 (N.D. Ala. Jan. 30, 2015) (finding as insufficient a defendant's general allegations that none of its 167 partners "are Alabama citizens").

Furthermore, citizenship—not residence—matters for purposes of diversity jurisdiction regarding any natural person members of Ventures Trust 2013-I-H-R. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (citations and internal quotation marks omitted). And the citizenship of any corporation or association members of Ventures Trust 2013-I-H-R must be alleged pursuant to the requirements outlined above.

Plaintiff's allegations regarding Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), as Nominee for Countrywide Bank, N.A., and Defendant Shores Villas Condominium Association, Inc. ("Shores Villas"), are also insufficient. Plaintiff merely alleges that MERS "is a citizen of Virginia doing business in Florida"[3] and that Shores Villas "is a Florida Not For Profit Corporation." [ECF No. 1 at ¶¶ 5–6]. The proper allegation for the citizenship of a corporation is its state or states of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, Plaintiff shall amend its jurisdictional allegations to properly allege the citizenship of all Defendants.

---

[3] The Court notes that "MERS actually appears to be a citizen of both Virginia and Delaware." *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 315 n.3 (5th Cir. 2015).

At this time, "there are insufficient facts alleged which would enable this Court to determine whether the plaintiff is diverse from each defendant in the foreclosure case." *Woodroffe v. Florida*, No. 8:15-CV-2610-T-27JSS, 2016 WL 375067, at *4 (M.D. Fla. Jan. 29, 2016), appeal filed, No. 16–10970 (11th Cir. Mar. 4, 2016). Plaintiff "must not only identify its members and their respective citizenship, but must also trace the citizenship of any member that is an unincorporated association through however many layers of members or partners there may be." *See D.B. Zwirn*, 661 F.3d at 127. It is therefore

**ORDERED AND ADJUDGED** that on or before **August 31, 2016, at 12:00 noon**, Plaintiff shall show cause why this action should not be dismissed for lack of subject matter jurisdiction. Specifically, Plaintiff shall list the citizenship (as it pertains to diversity jurisdiction) of each member of Ventures Trust 2013-I-H-R and the citizenship of the corporate Defendants—including state or states of incorporation and principal place of business. Failure to comply with this Order will result in a dismissal of the action without prejudice for lack of subject matter jurisdiction.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of August, 2016.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Turnoff
    All Counsel of Record