**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-21677-CIV-GAYLES/TURNOFF

**VENTURES TRUST 2013-I-H-R**,

    Plaintiff,

v.

**SHORES VILLAS CONDOMIMIUM ASSOCIATION, INC.**, *et al.*,

    Defendants.

_____/

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

**THIS CAUSE** came before the Court upon a *sua sponte* examination of the record. On August 25, 2016, the Court ordered Plaintiff to show cause why the Court should not dismiss the instant action for lack of subject matter jurisdiction. [ECF No. 20]. Specifically, the Court ordered Plaintiff to show the citizenship of each member of Ventures Trust 2013-I-H-R and the citizenship of the corporate Defendants—including state or states of corporation and principal places of business. [*Id.* at 5]. Plaintiff filed its Response on August 31, 2016. [ECF No. 27]. Because Plaintiff has failed to fully comply with the Court's Order and to meet its burden of establishing this Court's diversity jurisdiction, the action is dismissed without prejudice for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006).

1

To that end, "[a] federal court may raise jurisdictional issues on its own initiative at any stage of litigation." *Id.* at 506; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

The Federal Rules require that a plaintiff's Complaint contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). It is the plaintiff's obligation to "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007); *accord Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *see also Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (quoting *Chemical Leaman Tank Lines, Inc. v. Aetna Casualty & Surety Co.*, 177 F.3d 210, 222 n.13 (3d Cir.1999) ("When prosecuting a suit in federal court, '[t]he plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'").

In its Complaint, Plaintiff alleges that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) "because the amount in controversy exceeds $75,000 and complete diversity exists" between Plaintiff and each Defendant. [ECF No. 1 at ¶ 3]. For a natural person, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish

diversity."[1] *Taylor*, 30 F.3d at 1367. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (citations and internal quotation marks omitted). Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" 28 U.S.C. § 1332(c)(1). And an unincorporated entity, such as a limited partnership or a limited liability company, "is a citizen of any state of which a member of the [association] is a citizen." *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). A business trust "is not to be accorded the status of a corporation for diversity purposes. Instead, . . . it is to be treated as a citizen of each state in which one of its shareholders is a citizen." *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1339 (11th Cir. 2002), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 89 (2006), *as stated in Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1348 (11th Cir. 2008); *accord Crook-Petite-El v. Bumble Bee Seafoods L.L.C.*, 502 F. App'x 886, 887 (11th Cir. 2012) (per curiam).

Plaintiff's allegations regarding its own citizenship are insufficient. In its Response, Plaintiff alleges that it is a "Delaware Trust doing business in the State of Florida," that "the depositor and the beneficiary of the Trust is OHA Newbury Ventures, LP ("OHA"), that OHA "is not domiciled in Florida," and that of the "approximately 20 limited partners in the LP, none . . . are located in or

---

[1] The Court notes that Plaintiff's Complaint alleges that Defendant Rafael Martinez is a "citizen of the State of Florida." [ECF No. 1 at ¶ 7]. The Court further notes that Plaintiff's Response states that Defendant Rafael Martinez "was served in the State of Massachusetts." [ECF No. 27 at ¶ 7].

domiciled in Florida." [ECF No. 27 at ¶ 5]. A "statutory trust" is an unincorporated association. Del. Code Ann. tit. 12, § 3801(g).[2] Any owner of a beneficial interest in a statutory trust is known as a "beneficial owner." *Id.* § 3801(a). As a statutory business trust, the proper calculus for determining diversity jurisdiction is the citizenship of each of the members or beneficiaries of the trust. *See First Mut. Grp., LP v. Melton*, No. 14-1758, 2015 WL 892369, at *4 (M.D. Fla. Mar. 2, 2015) (dismissing the complaint with leave to amend in order to set forth the necessary jurisdictional allegations, including the identities and citizenships of the business trust's beneficiaries). Plaintiff has merely alleged that none of the approximately twenty limited partners of the LP depositor and beneficiary "are located in or domiciled in Florida." [ECF No. 27 at ¶ 4]. These general negative allegations are insufficient to invoke diversity jurisdiction. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *see also Cameron v. Hodges*, 127 U.S. 322, 324 (1888) (finding that the assertion that the defendant was a citizen of Arkansas and that none of the complainants were citizens of Arkansas "is not sufficient to give jurisdiction in a . . . court of the United States"); *see also Fuzzell v. DRC Emergency Servs., LLC*, No. 2:14-CV-2202-WMA, 2015 WL 412889, at *2–3 (N.D. Ala. Jan. 30, 2015) (finding as insufficient a defendant's general allegations that none of its 167 partners "are Alabama citizens").

Plaintiff's allegations regarding Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), as Nominee for Countrywide Bank, N.A., and Defendant Shores Villas Condominium Association, Inc. ("Shores Villas"), are also insufficient. In its Complaint, Plaintiff merely alleges

---

[2] The statute further provides that a statutory trust "[i]s created by a governing instrument under which property is or will be held, managed, administered, controlled, invested, reinvested and/or operated, or business or professional activities for profit are carried on or will be carried on, by a trustee or trustees or as otherwise provided in the governing instrument for the benefit of such person or persons as are or may become beneficial owners or as otherwise provided in the governing instrument, including but not limited to a trust of the type known at common law as a 'business trust,' or 'Massachusetts trust,' or a trust qualifying as a real estate investment trust . . . ." Del. Code Ann. tit. 12, § 3801(g)(1).

that MERS "is a citizen of Virginia doing business in Florida" and that Shores Villas "is a Florida Not For Profit Corporation." [ECF No. 1 at ¶¶ 5–6]. In its Response, Plaintiff further states that MERS "is a citizen of Delaware doing business in Florida" and that Shores Villas "is a citizen of Florida, doing business in Florida." [ECF No. 27 at ¶¶ 5–6]. The Court notes that "MERS actually appears to be a citizen of both Virginia and Delaware." *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 315 n.3 (5th Cir. 2015); *accord Perdomo v. HSBC Bank USA*, No. 13-22645-CIV, 2014 WL 1278132, at *1 (S.D. Fla. Jan. 13, 2014) (stating that MERS is "a Delaware corporation with its principal place of business in Virginia"). And Plaintiff has again failed to affirmatively state the principal place of business of Shores Villas, a factor necessary for Plaintiff to meet its burden to establish this Court's jurisdiction. The proper allegation for the citizenship of a corporation is its state or states of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1).

At this time, "there are insufficient facts alleged which would enable this Court to determine whether the plaintiff is diverse from each defendant in the foreclosure case." *Woodroffe v. Florida*, No. 8:15-CV-2610-T-27JSS, 2016 WL 375067, at *4 (M.D. Fla. Jan. 29, 2016), *appeal filed*, No. 16–10970 (11th Cir. Mar. 4, 2016). Plaintiff "must not only identify its members and their respective citizenship, but must also trace the citizenship of any member that is an unincorporated association through however many layers of members or partners there may be." *See D.B. Zwirn*, 661 F.3d at 127. "A district court may exercise diversity jurisdiction only if there is complete diversity between the parties, that is, no two adverse parties are citizens of the same state." *Ranbaxy Labs. Inc. v. First Databank, Inc.*, — F.3d —, 2016 WL 3457625, at *3 (11th Cir. June 24, 2016). Because MERS is a citizen of Delaware and Virginia and the other Defendants are citizens of Florida, Plaintiff must affirmatively provide information regarding the citizenship of its members to show that none of them

are citizens of Delaware, Virginia, or Florida in order to meet its burden to sufficiently plead diversity jurisdiction. It is therefore

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction. The Clerk of Court is directed to **CLOSE** the case for administrative purposes, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of August, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record